IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMONTE T. HILL,** **#S15599,** | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-01167-SMY ) |
| **ANITA BAZILE SAWYER,** | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Demonte Hill, an inmate who is currently incarcerated at Centralia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that officials at Southwestern Illinois Correctional Center ("SWICC") denied him timely and adequate medical treatment for a burn injury that he sustained to his foot on August 4, 2016 (Doc. 1, p. 4). Plaintiff names Warden Anita Sawyer in connection with his claim of inadequate medical care (*id*. at 4). He seeks monetary damages against her (*id*. at 5).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Complaint does not survive preliminary review and shall be dismissed.

### The Complaint

Plaintiff sustained a burn injury at SWICC on August 4, 2016 when a leaking pipe dripped hot water onto his foot (Doc. 1, p. 4). He informed Officer N. Johnson about the injury but was told to "deal with it on another shift" (*id*.). The next day, Plaintiff realized that the wound was infected.

On August 5, 2016, Plaintiff submitted a grievance to Officer Robinson and informed him that the burn had not yet been treated. Counselors Foster and Schmidt both looked at

Plaintiff's injury and decided that emergency treatment was necessary. Officer Scott agreed with this assessment (*id*.).

Plaintiff was treated by a doctor who diagnosed him with second and third degree burns. He received daily treatment until his wound healed. However, Plaintiff still suffers from weakness and fatigue in his foot that is triggered by standing for prolonged periods of time. He blames this residual injury on the one-day delay in treatment of his burns (*id*.).

## Discussion

Plaintiff's claim for a delay in medical treatment arises under the Eighth Amendment, which prohibits the cruel and unusual punishment of prisoners. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a medical needs claim, a plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Plaintiff's Complaint supports no Eighth Amendment claim against Warden Sawyer, who is the only defendant named in this action. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* does not apply to actions filed under § 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). In other words, Plaintiff cannot state a claim against Warden Sawyer simply by naming her based on her supervisory role at SWICC. Instead, he must include allegations which

suggest that the warden was personally involved in a violation of his constitutional rights.

Plaintiff does not mention Warden Sawyer in the statement of his claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against that defendant. Because Warden Sawyer is not mentioned in the statement of claim, Plaintiff's Eighth Amendment claim against her shall be dismissed without prejudice.

Plaintiff does name other individuals in his statement of the claim who may have been personally responsible for the deprivation at issue. However, he cannot proceed against them either because he did not name any of them (*i.e.*, Officers Johnson, Robinson, Foster, Schmidt, or Scott) as defendants in the caption of his Complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the Complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Accordingly, all claims against individuals who are mentioned in the statement of claim but not in the case caption are considered dismissed without prejudice.

Because the Complaint fails to state a claim upon which relief may be granted, it shall be dismissed. However, the dismissal is without prejudice and Plaintiff is granted leave to file a "First Amended Complaint" according to the deadline and instructions set forth below.

### Pending Motion

Plaintiff has filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), which will be addressed in a separate Order of this Court.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **ANITA SAWYER** is **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against this defendant.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before December 14, 2016.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-01167-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions

alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the Eighth Amendment medical needs claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 16, 2016**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**