IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMONTE T. HILL, <br> #S15599, <br><br>                 Plaintiff, <br><br> vs. <br><br> ANITA BAZILE SAWYER, <br> N. JOHNSON and <br> ILLINOIS DEPT. OF CORRECTIONS, <br><br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 16-cv-01167-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court for consideration is the First Amended Complaint filed by Plaintiff Demonte Hill. (Doc. 9). Plaintiff is currently incarcerated at Centralia Correctional Center. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for injuries he sustained when a pipe leaked hot water onto his foot at Southwestern Illinois Correctional Center ("SWICC"). (Doc. 9, p. 5). Plaintiff claims that he was denied prompt treatment for the burn and developed an infection. *Id.* He seeks monetary damages from the Illinois Department of Corrections ("IDOC"), Warden Sawyer, and Officer Johnson based on their violations of his Eighth Amendment rights. (Doc. 9, pp. 1-2, 5-6).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's First Amended Complaint does not survive preliminary review under this standard and shall be dismissed.

## First Amended Complaint

During his incarceration at SWICC, Plaintiff sustained a burn injury when hot water leaked from a pipe onto his right foot. (Doc. 9, p. 5). Plaintiff blames the IDOC, Warden Sawyer and Officer Johnson for unconstitutional conditions of his confinement and the denial of adequate medical care for his injury. *Id*. More specifically, he alleges that the IDOC was responsible for operating a safe facility and failed to do so. *Id.* Warden Sawyer was in charge of prison operations and failed to ensure the safety of all inmates. *Id*. The warden also failed to ensure that all employees "function[ed] correctly." *Id*. Finally, Plaintiff alleges that he informed Officer Johnson about the leaky pipe and his burn injury, but the officer denied Plaintiff medical

attention for the injury, leading to an infection. *Id*. Plaintiff now seeks monetary damages against all three defendants for subjecting him to unconstitutional conditions of confinement and denying him adequate medical care for his burned foot. (Doc. 9, pp. 5-6).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* First Amended Complaint into the following enumerated counts:

> **Count 1 -** Eighth Amendment conditions of confinement claim against Defendants for exposing Plaintiff to a pipe that leaked hot water onto his right foot and caused burns.
>
> **Count 2 -** Eighth Amendment deliberate indifference to medical needs claim against Defendants for delaying and/or denying medical treatment for Plaintiff's burned foot, resulting in an infection.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of the Court. The designation of these counts does not constitute an opinion regarding the merits of either claim.

Both claims arise under the Eighth Amendment, which prohibits the cruel and unusual punishment of prisoners. Prison officials have a duty to ensure that inmates receive adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825 (1994). Claims of unconstitutional conditions of confinement (Count 1) and inadequate medical care (Count 2) include an objective and a subjective component. *Id*. To satisfy the objective component, Plaintiff must set forth factual allegations which suggest that he suffered from a deprivation that was objectively, sufficiently serious. *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016). The subjective component of both claims requires Plaintiff to demonstrate that the

defendants responded with deliberate indifference to the inmate's health or safety. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). Deliberate indifference occurs when an "official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Haywood*, 842 F.3d at 1031 (citing *Estate of Miller ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)).

Plaintiff's allegations are threadbare and do not satisfy the objective or subjective component of either claim. Plaintiff makes a passing reference to the condition he challenges (*i.e.*, the leaky pipe), offering no details regarding the location of the pipe, how often he came into contact with it or the circumstances surrounding his contact with the pipe on the day he was burned. *Id*. He also offers no description of the injury he sustained to his right foot (*i.e.*, the burn), including the extent of the burns, the nature of the infection or the lingering effects of the injury, if any. *Id*. Under the circumstances, the allegations do not suggest that Plaintiff suffered from an objectively sufficiently serious deprivation.

The same can be said of the subjective component of both claims. Plaintiff sets forth no allegations suggesting that the defendants actually knew about the condition of the pipe or Plaintiff's resulting injuries. He also does not allege that the defendants refused to take action to address either deprivation after learning about them. The First Amended Complaint simply does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Absent any plausible claim against the defendants, Counts 1 and 2 must be dismissed.

Plaintiff's claims are subject to dismissal for other reasons as well. Plaintiff cannot maintain a suit for money damages against the IDOC because it is a state government agency.

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment bars suits against states in federal court for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  Given that Plaintiff seeks only monetary relief against the IDOC, the Court deems it appropriate to dismiss both claims against this defendant with prejudice.

Plaintiff also cannot proceed with a claim against Warden Sawyer, based solely on her supervisory role over the facility and employees.  (Doc. 9, p. 5).  There is no supervisory liability in a § 1983 action.  *Sanville*, 266 F.3d at 740.  As the Court explained in its original screening order, to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'"  *Id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  This is because § 1983 creates a cause of action based on personal liability and predicated upon fault.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  To state a claim against the warden, Plaintiff must therefore include allegations which suggest that Warden Sawyer knew about the unconstitutional conditions and/or need for medical treatment and responded with deliberate indifference.  Plaintiff has not included allegations to this effect in the First Amended Complaint, and Counts 1 and 2 shall be dismissed without prejudice against this defendant.

Likewise, Plaintiff has not stated sufficient allegations to support a claim against Officer Johnson.  Plaintiff alleges, "As I informed Officer N. Johnson about the burn injury from a

leaking, hot water pipe in the receiving area at [SWICC], I was treated poorly and [d]enied medical attention, which led to an infection in my right foot." (Doc. 9, p. 5). These allegations do not suggest that Plaintiff put Officer Johnson on notice of an objectively serious condition of confinement or injury. By all indications, Plaintiff offered this defendant no description of the burn or its severity. He does not suggest that Officer Johnson observed the conditions or the injury firsthand. Having failed to demonstrate that the officer knew of an objectively serious deprivation, the First Amended Complaint also fails to support a deliberate indifference claim against this individual. Counts 1 and 2 shall therefore be dismissed without prejudice against the officer.

For the above-stated reasons, the First Amended Complaint fails to state a claim upon which relief may be granted, and it shall be dismissed. The dismissal shall again be without prejudice, and Plaintiff will be granted one final opportunity to re-plead his claims in a "Second Amended Complaint" according to the deadline and instructions set forth below. Failure to file a Second Amended Complaint that complies with this Order will result in dismissal of this action and the assessment of a "strike." FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 9) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes the dismissal of **COUNTS 1** and **2** without prejudice against Defendants **ANITA BAZILE SAWYER** and **OFFICER N. JOHNSON** for failure to state a claim upon which relief may be granted and with prejudice against Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** because the Eleventh Amendment bars suits against states in federal court for

money damages.  *See Wynn*, 251 F.3d at 592.  The Clerk is **DIRECTED** to **TERMINATE** Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" **on or before April 2, 2017.**  Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.  Further, a "strike" shall be assessed against him.  *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-01167-SMY).  The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his Second Amended Complaint.  Claims found to be unrelated to the Eighth Amendment conditions of confinement and medical needs claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces all prior complaints, rendering them void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

The Court will not accept piecemeal amendments to the original Complaint or the First Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/6/2017**

_____s/Staci M. Yandle_____
**U.S. District Judge**